**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SAMMY LEROY McMURRAY,

Plaintiff - Appellant,

v.

LESLIE C. SMITH; MARTHA
VAZQUEZ,

Defendants - Appellees.

No. 08-2186

(D. New Mexico)

(D.C. No. 1:08-CV-00408-MCA-LFG)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Sammy Leroy McMurray, acting pro se and *in forma pauperis*, brought an

action under 42 U.S.C. § 1983 in the United States District Court for the District

of New Mexico against Martha Vázquez, chief judge of the district, and Leslie C.

Smith, a magistrate judge in the district. Mr. McMurray's complaint makes little

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sense, but one thing that is clear is that his claim against the judges is based on their judicial actions in a civil case before them.

The district court sua sponte dismissed Mr. McMurray's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B), which requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." Mr. McMurray appeals from that judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court's decision was undoubtedly correct. Judges are absolutely immune from civil liability for their judicial acts, unless they act "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). This immunity includes magistrate judges. *See Ryan v. Bilby*, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985); *Guinn v. Finesilver*, Nos. 94-1437 & 94-1441, 1995 WL 94651 (10th Cir. Feb. 28, 1995). Nothing suggests that the defendant judges acted without jurisdiction. Moreover, § 1983 requires that the defendant act under color of state law, *see* 42 U.S.C. § 1983; but both judges were acting solely under federal law. Thus, the complaint is frivolous, fails to state a claim on which relief can be granted, and seeks monetary relief against defendants who are immune.

We AFFIRM the judgment of the district court.  We DENY

Mr. McMurray's motion to proceed *in forma pauperis* on appeal and order him to

immediately remit the full amount of the filing fee.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge